UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DANIEL MARRS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF IMPERIAL, et al.,<br><br>    Defendants. | Case No. 21-cv-09233-DMR<br><br>**ORDER TRANSFERRING CASE** |

    Pro se Plaintiff Christopher Marrs filed a complaint ("Compl.") alleging violations of his civil rights under 42 U.S.C. § 1983 by Defendants City of Imperial, City of Imperial Police Department, City of Imperial Police Office; Imperial City Manager Dennis Morita, and Imperial's City Attorney Geoffrey P. Holbrook (collectively "Defendants"). [Docket No. 1.][1] On January 25, 2022, the court ordered Marrs to show cause as to why this case should not be transferred to the Southern District of California. Marrs timely responded with a lengthy declaration that addressed a number of matters, but did not squarely address the question of venue. Declaration of Christopher Marrs ("Marrs Decl.") [Docket No. 7.]

    Pursuant to 28 U.S.C. § 1391, a case may be filed in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant

---

[1] Marrs and the City of Imperial consented to jurisdiction before a magistrate judge. [Docket No. 4, 11.] The individual defendants have not yet consented or declined. Nevertheless, venue transfer is a non-dispositive matter and thus falls within the scope of the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(B)(1)(A).

1  is subject to the court's personal jurisdiction with respect to such action.

2  28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a

3  district court may transfer any civil action to any other district or division where it might have

4  been brought." 28 U.S.C. § 1406(a).

Marr's complaint and declaration fail to offer any sufficient justification for venue in the Northern District of California. First, as Marrs admits, all of the Defendants are public entities or officials in Imperial County, meaning that they reside in the Southern District. Marrs Decl. ¶ 17 ("[T]he named defendants on this complaint do reside in Imperial County which does fall into the SOUTHERN DISTRICT"); *see* 28 U.S.C. § 1391(b)(1).

Second, Marrs's claim arises out of events that took place entirely within Imperial County. His complaint appears to allege that he was a partial owner of a brewery located in Holtsville, Imperial County, California, but that he was unlawfully ousted and locked out of the corporate email account. Marrs reported what he believed to be a crime committed by owners of a business headquartered in Imperial County to the City of Imperial Police Department. He also appears to allege that a City of Imperial councilmember embezzled money from his Wells Fargo bank account. The only connection to the Northern District in this case is that Marrs currently resides in San Francisco. While Marrs indicates that he took particular actions in response to Defendants' alleged conduct—such as visiting Wells Fargo bank branches in San Francisco—Marrs does not support his conclusory assertion that "the defendants are violating Plaintiff['s] civil and constitutional rights here in the Northern District. Marrs Decl. ¶¶ 17, 23, 27. To the contrary, the significant events giving rise to the complaint clearly took place in the Southern District. *See* 28 U.S.C. § 1391(b)(2).[2]

Marrs's other remaining argument, that it would be inconvenient for him to litigate this case in the Southern District, is not a basis for venue in this district. *See* Marrs Decl. ¶ 6. Because all of the Defendants are located in the Southern District and the events took place there, all relevant witnesses and evidence are located in that district. By consequence, litigating this case in

---

[2] Because this action could have been brought in the Southern District, 28 U.S.C. § 1391(b)(3) does not apply.

2

this district would be significantly more inconvenient to the Defendants and witnesses.  *See* 28 U.S.C. § 1406(a).

The court therefore concludes that venue in the Northern District of California is improper. Accordingly, the court orders that this matter to be transferred immediately to the Southern District of California.[3]  The clerk is ordered to close the case.

**IT IS SO ORDERED.**

Dated: February 7, 2022



Donna M. Ryu
United States Magistrate Judge

---

[3] After the court issued its order to show cause and Marrs responded, Defendants filed a motion to dismiss on multiple bases, including under Federal Rule of Civil Procedure 12(b)(3) for improper venue.  [Docket No. 8.]  In light of this order, the motion to dismiss under Rule 12(b)(3) is denied as moot.