UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DANIEL MARRS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF IMPERIAL et al.,<br><br>　　　　　　　　Defendants. | Case No.: 22-CV-180-CAB-MSB<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS COMPLAINT**<br><br>[Doc. No. 17] |

　　　　This matter is before the Court on a motion to dismiss by Defendant City of Imperial on the grounds that Plaintiff lacks Article III standing and that the complaint fails to state a claim under 42 U.S.C. § 1983. The motion was filed on February 17, 2022, and set a hearing date (for briefing purposes only) of March 24, 2022. Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of March 24, 2022, Plaintiff's opposition to the motion to dismiss was due on March 10, 2022. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* CivLR 7.1.f.3.c.

　　　　District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule

by deeming a pro se litigant's failure to oppose as consent to granting the motion).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to oppose the motion to dismiss indicates that Plaintiff has abandoned this lawsuit and consents to the granting of the motion to dismiss.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal.  Moreover, upon review of the motion and of the record, the motion appears to be meritorious and dismissal is warranted for all of the reasons stated by the City of Imperial in the motion and, as the motion notes, because of the "vague, peculiar, and rambling nature of Plaintiff's complaint."  [Doc. No. 17-1 at 6.]  Therefore, the Court assumes the lack of opposition to the motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion.

Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above, and the complaint is **DISMISSED**.

It is **SO ORDERED**.

Dated:  March 16, 2022

Hon. Cathy Ann Bencivengo
United States District Judge